# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF NEW JERSEY

**LAW OFFICES OF TIMOTHY R. HOTT, P.C.**
TIMOTHY R. HOTT (TH 6729)
100 Challenger Road - Suite 402
Ridgefield Park, New Jersey 07660
T. (201)994-0400; F. 631-980-3650
timhott@gmail.com
Attorney for Plaintiffs

| | |
|---|---|
| IBEW Local Union No. 102, IBEW Local 102 Welfare, Pension, Annuity and Joint Apprenticeship Training Funds and their Boards of Trustees and IBEW Local No. 102<br><br>*Plaintiff(s)*<br><br>vs.<br><br>New White Electric, Inc.<br>2392 Waldheim Avenue<br>Scotch Plains, New Jersey 07076<br><br>*Defendant(s)* | CIVIL ACTION<br><br>CIVIL ACTION NO.<br><br><br><br>**COMPLAINT** |

PLAINTIFFS, IBEW Local Union No. 102 , IBEW, Local 102 Welfare, Pension, Annuity and Joint Apprenticeship Training Funds and their Boards of Trustees, and IBEW Local No. 102, an unincorporated labor organization, both having their principal office at 50 Parsippany Road, Parsippany, Morris County, New Jersey, complaining of the Defendant, New White Electric, whose principal offices are located at, 2392 Waldheim Avenue, Scotch Plains, New Jersey 07076 say:

## THE PARTIES

1. Plaintiffs, IBEW Local 102 Welfare, Pension, Annuity and Joint Apprenticeship Training Funds and their Boards of Trustees, each are trusts or parts of trusts established pursuant to Sections 302[c](5) of the National Labor Relations Act, as amended (29 U.S.C. 186 [c](5)), and pursuant to E.R.I.S.A., 29 U.S.C. 1001, et seq. for the purpose of providing pension, welfare and annuity and other benefits for employees of employers covered by the provisions of a collective bargaining agreement between the IBEW Local Union No. 102 (hereinafter "Union") and such employers signed to collective bargaining agreements with said Union or by virtue of said employer's having given collective bargaining authority to the Highlands Division of the Northern New Jersey Chapter, Inc., of the National Electrical Contractors Association (Association). The Boards of Trustees of the Funds consist of an equal number of Union and Employer representatives appointed by their respective appointing entities to administer said Funds.

2. Plaintiff, IBEW Local Union No. 102 ("Union") is an unincorporated labor organization which is the exclusive collective bargaining representative of employees of employers who are parties to a collective bargaining agreement with the Highlands Division of the Northern New Jersey Chapter, Inc. National Electrical Contractors Association (Association) which Association is the collective bargaining representative of employers of employees represented by the Union.

3. Defendant, New White Electric, Inc., is an employer who employs

employees who are represented by the Union.  Defendant is bound to the current collective bargaining agreement between the Union and the Association as described in paragraph #1, above.

## JURISDICTION

4.    Jurisdiction of this Court is invoked in this matter under 28 USC 1331, 29 U.S.C. 185,  29 U.S.C. 1145 of ERISA 29 U.S.C. 1001 et seq.

5.    Jurisdiction of this Court is also invoked under 29 U.S.C. 1132(a)(3)(B) and 29 U.S.C. 1132(g)(2) to enforce the rights of Plaintiffs as to their procedures for collection of moneys due said Funds and their procedures for verifying the accuracy of the contributions made to said Funds by contributing employers such as the defendant.

## FIRST COUNT

6.    29 U.S.C. Section 1145 requires the defendant to remit payments to plaintiffs on account of its employees represented by the Union in certain specified amounts in accordance with the Trust Agreements and the procedures specified by the Trustees of the respective Trusts.

7.    The procedure established by the Trustees of each of the respective Trusts, and as provided in the referenced collective bargaining agreement, requires that Employers remit payments on account of such employer's employees monthly by the twentieth day of the month following the end of each calendar month during which employees represented by the Union perform work for an employer party to

the referenced agreement. Said collective bargaining agreement requires that defendant make said payments to plaintiffs based upon a percentage of the gross labor payroll of each of the defendant's employees who is employed under the above referenced collective bargaining agreement.

8. Defendant as a party to the collective bargaining agreement referenced above is also bound by the terms of the Trust Agreements of plaintiff Trust Funds.

9. The procedure established by the Trustees of each of the respective Trusts require that Employers remit payments on account of such employer's employees by the twentieth day following the end of each calendar month for the amounts due and accrued as owing for the preceding month.

10. From April 1, 2018 to October 31, 2018 defendant failed to remit payments to any of the aforesaid plaintiffs. Defendant is delinquent in the payment of monies due to the plaintiffs in the estimated amount of $23,000.00 for that period.

11. Defendant may also be indebted to plaintiffs for additional sums unpaid and accruing as delinquent during the pendency of this cause of action.

12. In accordance with the applicable provisions of the Employees Retirement Income Security Act of 1974, as amended, 29 U.S.C. Section 1132(g)(2), plaintiffs are entitled to interest at the rate set by 26 U.S.C.A. Section 6621, liquidated damages, reasonable attorney's fees, together with costs of suit.
WHEREFORE, plaintiffs demand judgment against the defendants:

(a)  For the entry of judgment in an amount equal to the principal sum due and owing to the plaintiffs at the time judgment is entered, plus interest at the rate set by 26 U.S.C.A. Section 6621, liquidated damages, reasonable attorneys fees, costs of suit and such other relief as is deemed equitable and just.

## SECOND COUNT

13. Plaintiffs repeat and reallege each and every paragraph of the preceding Counts as if set forth in full herein.

14. The collective bargaining agreement between the Union and Association requires the defendant to remit payments to plaintiffs on account of its employees represented by the Union in certain specified amounts in accordance with the Trusts Agreements and the procedures specified by the Trustees of the respective Trusts.

15. The procedure established by the Trustees of each of the respective Trusts require that Employers remit payments on account of such employer's by the twentieth day following the end of each calendar month for the amounts due and accrued as owing for the preceding month.

16. From April 1, 2018 to October 31, 2018 defendant failed to remit payments to any of the aforesaid plaintiffs.  Defendant is delinquent in the payment of monies due to the plaintiffs in the estimated amount of $23,000.00 for that period of time.

17. Defendant may also be indebted to plaintiffs for additional sums unpaid

and accruing as delinquent during the pendency of this cause of action.

19. In accordance with the applicable provisions of the Employees Retirement Income Security Act of 1974, as amended, 29 U.S.C. Section 1132(g)(2), plaintiffs are entitled to interest at the rate set by 26 U.S.C.A. Section 6621, liquidated damages, reasonable attorney's fees, together with costs of suit.

WHEREFORE, plaintiffs demand judgment against the defendants:

(a) For the entry of judgment in an amount equal to the principal sum due and owing at the time judgment is entered to the plaintiffs, plus interest at the rate set by 26 U.S.C.A. Section 6621, liquidated damages, reasonable attorneys fees, costs of suit and such other relief as is deemed equitable and just.

### THIRD COUNT

19. Plaintiffs repeat and reallege each and every paragraph of the preceding Counts as if set forth in full herein.

20. In accordance with the provisions of the collective bargaining agreement between the Union and defendant the defendant agreed to and did make certain deductions from wages paid to employees represented by the Union which deductions were to be remitted to plaintiff Vacation Fund for vacation pay benefits to employees, to plaintiff Political Action Committee and to plaintiff Union.

21. Defendant deducted from wages of employees for the purposes and benefit of plaintiff Vacation Fund and the Union for dues and assessments during the

period April 1, 2018 through October 31, 2018 but has failed and refused to remit said sums to plaintiffs.

22. Defendant may be liable for additional sums deducted from wages of employees represented by the Union for periods accruing during pendency of this cause of action.

23. By its actions described hereinabove defendant has converted money of plaintiffs and defendant's employees to defendants unlawful benefit and use.

24. By its actions described above defendant became a constructive Trustee of monies belonging to plaintiffs and defendant's employees.

25. By failing and refusing to remit said trust monies of plaintiffs and defendant's employees to plaintiffs defendant has breached its fiduciary duty as trustee owed to plaintiffs and defendant's employees.

WHEREFORE, Plaintiffs demand judgment against defendant:

(a) For an amount equal to the principal sum due and owing to said Plaintiffs at the time judgment is entered, plus interest, attorneys fees, cost of suit, punitive damages for breach of fiduciary duty and such other and further relief as the Court deems equitable and just.

(b) For an accounting of all such money that was deducted from the wages of employees represented by plaintiff Union.

## **FOURTH COUNT**

26. Plaintiffs repeat and reallege each and every paragraph of the preceding

Counts as if set forth in full herein.

27. In accordance with the provisions of the collective bargaining agreement between the Union and defendant the defendant agreed to make certain payments to plaintiff Industry Funds on behalf of its employees.

28. Since on or about April 1, 2018 defendant has failed and refused to remit payments to the aforesaid plaintiff Fund. Defendant is delinquent in payment due said plaintiff for the period April 1, 2018 through October 31, 2018.

29. Defendant may also be indebted to plaintiff for additional sums unpaid and accruing as delinquent during pendency of this cause of action.

WHEREFORE, Plaintiffs demand judgment against defendant:

(a) For an amount equal to the principal sum due and owing to said Plaintiffs at the time judgment is entered, plus interest, attorneys fees, cost of suit, punitive damages for breach of fiduciary duty and such other and further relief as the Court deems equitable and just.

(b) For an accounting of all such money that owed to this Plaintiff on account of hours worked by employees of the Defendant represented by plaintiff Union.

## **FIFTH COUNT**

30. Plaintiffs repeat and reallege each and every paragraph of the preceding Counts as if set forth in full herein.

31. 29 U.S.C. Section 1145 requires New White Electric, Inc., to remit

payments to plaintiffs on account of its employees represented by the Union in certain specified amounts in accordance with the Trust Agreements and collective bargaining agreements and the procedures specified by the Trustees of the respective Trusts.

32. Plaintiffs' Trust Agreements provide that plaintiffs have the right to conduct contribution compliance audits of the books and records of the defendant which plaintiffs deem necessary to determine the accuracy of payments which defendant has previously made to the Funds in accordance with the Agreements referenced herein.

33. In or about October 2, 2017 the Funds, by and through their designated representatives, caused a contribution compliance audit to be conducted of defendant's books and records. Said audit was performed by the Certified Public Accounting firm retained by the plaintiffs.

34. The audit disclosed that defendant failed to remit payments in accordance with the terms of the Agreements and on account of defendant's employees performing work under the collective bargaining agreement for the period January 1, 2012 to July 31, 2017, to the Plaintiffs in sum of $80,370.52.

35. The Funds, prior to the current date, made demand for payment of said debt. Defendant has failed and refused to remit said payment in violation of the collective bargaining agreement and in violation of 29 U.S.C. 1145, plaintiffs' trust agreements and the referenced collective bargaining agreement.

36. In accordance with the applicable provisions of the Employees Retirement Income Security Act of 1974, as amended, 29 U.S.C. Section 1132(g)(2), plaintiffs are entitled to collect the principal debt and interest at the rate set by 26 U.S.C.A. Section 6621, liquidated damages at the rate of 20% of the principal sum due, reasonable attorneys' fees together with costs of suit.

**WHEREFORE**, the plaintiffs IBEW Local 102 Welfare, Pension, Surety and Joint Apprenticeship Training Funds and IBEW Local 102 Distribution Fund demand judgment against the defendant;

(a) For the entry of judgment in an amount equal to the principal sum due and owing to the plaintiffs, plus interest at the rate set by 26 U.S.C.A. Section 6621, liquidated damages in the amount of 20% of the principal sum due, reasonable attorneys' fees and costs of suit; and

(b) For such other and further relief as the Court deems equitable and just.

### SIXTH COUNT

37. Plaintiffs repeat and reallege each and every paragraph of the preceding Counts as if set forth in full herein.

38. In addition to the amounts due and owing from defendant to plaintiffs as set forth above, there may be due and owing additional sums for periods before and after the periods covered by said audit as may be determined by further contribution compliance audit of defendants books and records.

**WHEREFORE**, plaintiffs IBEW Local Union No. 102, IBEW Local 102 Welfare,

Pension, Surety and Joint Apprenticeship Training Funds and their Boards of Trustees, and the IBEW Local 102 Distribution Fund demand judgment against the defendants:

    (a)  For the entry of judgment in an amount equal to such additional principal sums as may be due and owing to the plaintiffs as determined by further audit of defendant's books and records plus interest at the rate set by 26 U.S.C.A. Section 6621, liquidated damages in the amount of 20% of the principal sum due, reasonable attorneys' fees and costs of suit as to those principal sums as are subject to jurisdiction of 29 U.S.C. 1132(g)(2) and the terms of the collective bargaining agreement and trust agreements which call for same; and

    (b)  For such other and further relief as the Court deems equitable and just.

Date: 12/12/2018　　　　　　　　　　**S/TIMOTHY R. HOTT**
　　　　　　　　　　　　　　　　　　TIMOTHY R. HOTT